IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI – WESTERN DIVISION

| | |
|---|---|
| CONNIE CURTS, on behalf of herself and all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. _____ |
| EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, *and* PLAYTEX MANUFACTURING, INC., | ) ) ) ) ) ) |
| *Defendants*. | ) ) |

## NOTICE OF REMOVAL

Defendants Edgewell Personal Care Company ("Edgewell"), Edgewell Personal Care Brands, LLC ("EPC Brands"), Edgewell Personal Care, LLC ("EPC"), and Playtex Manufacturing, Inc. ("Playtex" and, together with Edgewell, EPC Brands, and EPC the "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1441, 1446 (2020) and the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453 (2020). In support of this Notice of Removal, Defendants state as follows:

1. On August 27, 2020, Plaintiff Connie Curts ("Plaintiff") filed a putative class action against Defendant Edgewell in the Circuit Court of Jackson County, Missouri captioned, *Connie Curts v. Edgewell Personal Care Company* (Case No. 2016-CV17871) (the "Action"). Plaintiff

1

filed an Amended Class Action Petition on December 20, 2021. *See* Ex. 1 (State Court Record), at pp. 529-541; Exhibit 2 (Amended Petition).[1]

2. On March 22, 2022, the Court granted Edgewell's Motion to Join EPC Brands, EPC, and Playtex as Defendants to the Action. *See* Exhibit 3 (Order Granting Motion to Join).

3. Plaintiff alleges that Defendants falsely represent that Wet Ones® Antibacterial Hand Wipes "kill[] 99.99% of Germs." *See* Ex. 2, Am. Pet., at p. 1, ¶ 1. Plaintiff's only claim is for a violation of the Missouri Merchandising Practices Act ("MMPA") against all Defendants.[2] *See Id*. at pp. 9-12. Plaintiff seeks, *inter alia*, "actual damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit, and any other appropriate relief." *Id.* at p. 13 (Prayer for Relief). Plaintiff seeks to represent a putative class consisting of "all consumers" who were citizens of Missouri who purchased the subject products in Missouri between August 27, 2015, to the present. *See id*. at p. 7, ¶ 23.

4. Defendants remove the Action pursuant to CAFA because: (i) the Putative Class (as defined below) has at least 100 members; (ii) the aggregate amount in controversy exceeds the sum or value of $5,000,000; and (3) at least one class member "is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2), (d)(5).

I. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

5. This Notice of Removal is timely filed on April 8, 2022, within thirty (30) days of the March 22, 2022 Order granting Edgewell's Motion to Join EPC Brands, EPC, and Playtex as Defendants to the Action. *See* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is

---

[1] The Amended Petition and all other cited state court pleadings and orders are included in Exhibit 1, which is the full state court record. However, for ease of reference, pertinent state court filings for this Notice of Removal are also attached as separate exhibits.
[2] The March 22, 2022 Order granting Edgewell's Motion to Join EPC, EPC Brands, and Playtex as Defendants to the Action added EPC, EPC Brands, and Playtex as Defendants to Plaintiff's only claim. *See* Ex. 3.

2

not removable, a notice of removal may be filed within thirty days after receipt…of an…order…from which it may be first ascertained that the case is one which is or has become removable."); Ex. 3, (Order Granting Motion to Join); Exhibit 4, (Motion to Join).

6. All Defendants consent to and join in the removal of this Action from the Circuit Court of Jackson County, Missouri to the U.S. District Court for the Western District of Missouri—Western Division.

7. The Circuit Court of Jackson County, Missouri is located within the Western Division of the Western District of Missouri. Therefore, venue is proper pursuant to 28 U.S.C. § 105(b)(1) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); and Local Rule 3.2(a)(1)(A).

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served upon Edgewell, which include the summons and petition, are attached hereto and incorporated herein as Exhibit 1.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of Jackson County, Missouri.

## II. THIS COURT HAS JURISDICTION OF THIS ACTION PURSUANT TO CAFA.

10. Defendants remove this Action pursuant to CAFA. *See* 28 U.S.C. § 1332(d). Congress passed CAFA to expand federal jurisdiction over class actions. "The language and structure of CAFA indicate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (quotations omitted).

11. Under CAFA, this Court has diversity jurisdiction of any asserted class action so long as: (1) the asserted class has at least 100 putative members; (2) the aggregate amount in controversy "exceeds the sum or value of $5,000,000;" and (3) at least one class member is a citizen of a State different from any defendant. *See* 28 U.S.C. §§ 1332 (d)(2), (d)(5)-(6); *see also City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F.Supp.2d 1035, 1039 (E.D. Mo. 2013) (citing, *inter alia*, 28 U.S.C. § 1332(d)(2) and (d)(5), and *Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012)).

12. A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). As so defined, the term "class action" includes the present Action because, *inter alia*, Plaintiff seeks to represent a putative class and does so pursuant to Missouri Rule of Civil Procedure 52.08 ("Class Actions"). *See* Ex. 2, Am. Pet., at p. 7, ¶ 23.

13. The defendant's burden on removal is to show the prerequisites for federal jurisdiction by a preponderance of the evidence. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). In support of removal, a defendant may rely on the plaintiff's allegations, which are assumed to be true, *see, e.g.*, *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (holding defendants established CAFA amount-in-controversy requirement based on "the face of the complaint alone"), as well as on affirmative evidence outside the pleadings, *see, e.g.*, *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887–88 (8th Cir. 2013) (holding defendants established CAFA amount-in-controversy requirement through submission of affidavit evidence); *Thomas v. Neomedic, Inc.*, Civ. No. 13-1057, 2013 WL 5178200, n.2 (D. Minn. Sept. 13, 2013) ("[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal . . .") (quotation omitted). In removing this Action, Defendants properly

rely on the affirmative allegations of Plaintiff in her Amended Petition and the sworn declarations of Defendants' representatives.

### A. The Asserted Class Size Requirement is Satisfied.

14. Plaintiff alleges that she purchased a certain Wet Ones® Antibacterial Hand Wipes product in or around early 2016. *See* Ex. 2, Am. Pet., at p. 2, ¶ 3. Pursuant to Missouri Rule of Civil Procedure 52.08, Plaintiff seeks to represent the interests of a putative class of similarly situated individuals that she defines as follows:

> All consumers who have purchased Wet Ones antibacterial hand wipes represented to "kill 99.99% of germs" in the State of Missouri for personal, family or household purposes at any time from August 27, 2015, to the present and who were citizens of the State of Missouri on the date this Class Action Petition was filed (the "Class"). Excluded from the Class are (1) Defendant, its subsidiaries and affiliates, and its directors and officers and members of their immediate families; (2) federal, state, and local government entities; and (3) any judicial officers presiding over this action, their judicial staff, and members of their immediate families.

*Id.* at pp. 7-8, ¶ 23 (the "Putative Class"). Plaintiff alleges that "[m]embers of the [Putative] Class are so numerous that their individual joinder herein is impracticable." *Id.* at p. 8, ¶ 24.

15. Plaintiff's allegations regarding the size of the Putative Class are sufficient to establish CAFA's 100-person minimum class-size threshold. *See Bell*, 557 F.3d at 955 (observing that plaintiff's allegations conceded that "two of the three requirements to support jurisdiction under CAFA were satisfied (minimal diversity and 100 or more class members).").

### B. The Action Places More Than $5,000,000 in Controversy.

16. While Defendants dispute that Plaintiff has stated any viable claims or that any damages whatsoever are owed to Plaintiff or the asserted class, it is evident that Plaintiff's proposed claims place more than $5,000,000 in controversy.

17. "The amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076,

5

1081 (8th Cir. 2019) (quotation omitted). A defendant may expressly deny that the plaintiff is entitled to any relief, but at the same time rely on "an examination of the relief requested in the complaint" to determine the amount in controversy. *City of Univ. City, Missouri v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 934 (E.D. Mo. 2002) (citation omitted).

18. "Under the preponderance of evidence standard, the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *O'Fallon*, 930 F. Supp. 2d at 1041 (citation omitted; emphasis in original). "The removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof. Discovery and trial come later." *Hartis*, 694 F.3d at 944-45 (quotation omitted). "Punitive damages, as well as allowable attorney fees, are included in calculating the amount in controversy." *O'Fallon*, 930 F. Supp. 2d at 1041 (citation omitted).

19. Applied here, Plaintiff alleges that she and members of the Putative Class purchased Wet Ones® Antibacterial Hand Wipe products that were different than advertised because they do not "kill 99.99% of germs." Ex. 2, Am. Pet., at p. 7, ¶ 21. Plaintiff seeks "actual damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit, and any other appropriate relief." *Id.* at p. 13 (Prayer for Relief).

20. Plaintiff's demand for direct damages tied to the purchase price of the subject products satisfies the $5,000,000 amount-in-controversy requirement for CAFA. EPC has reviewed its records related to the sale of Wet Ones® Antibacterial Hand Wipes in Missouri. During the proposed class period (*i.e.*, August 27, 2015, to the present), Missouri sales of Wet Ones® Antibacterial Hand Wipes exceeded $5,000,000. *See* Exhibit 5 (Declaration of Amy Harrington), at ¶ 3.

21. Plaintiff's demand for attorneys' fees pushes the amount in controversy even further beyond the jurisdictional threshold. *See, e.g.*, Ex. 2, Am. Pet., at p. 13 (Prayer for Relief). The MMPA allows plaintiffs to seek attorneys' fees. *See* MO. REV. STAT. § 407.025.2 (2019). Although Plaintiff's claim has no merit, it is reasonable and conservative to expect that the attorneys' fees to be recovered will be approximately 33% of the total compensatory damages award. *See Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013) (applying a "standard 33% attorney's fee to the Class's compensatory damages" in MMPA class action removed under CAFA and denying motion to remand); *Faltermeier v. FCA US LLC*, No. 4:15CV00491-DGK, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (denying motion to remand, finding that fees awarded to Plaintiff could be "at least $1.4 million," representing more than 30% of compensatory damages in class action involving the MMPA removed under CAFA), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018). Given that total sales exceed $5,000,000, a potential damages award could include attorney's fees exceeding $1,650,000, thereby further satisfying the amount-in-controversy requirement.

22. Plaintiff's demand for punitive damages similarly pushes the amount in controversy even further beyond the jurisdictional threshold. *See, e.g.*, Ex. 2, Am. Pet., at p. 12, ¶ 48 (Plaintiff and the Class are entitled to punitive damages because Defendant's conduct involves a high degree of moral culpability and was wanton, outrageous and/or made with reckless disregard to the consequences to Plaintiff and the members of the Class); *Id*. at p. 13 (Prayer for Relief). It is well-established that punitive damages that are several magnitudes higher than the asserted compensatory damages may be included in determining the amount in controversy if they are recoverable under applicable law. *See, e.g., Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *1-3 (W.D. Mo. Feb. 14, 2008) ("Thus, total actual damages

would be $658,431. Focusing for the moment on Count II and the availability of punitive damages, an award of slightly less than $4.4 million—or approximately 6.7 times the actual damages—would bring the total award to over $5 million. Such an award would likely be constitutionally acceptable; more importantly, the Court cannot say such an award is legally impermissible."); *Raskas*, 719 F.3d at 887-88 ("When considering the total sales [of $3.3 million] in conjunction with the request for punitive damages the amount in controversy requirement is met."); and *Brown v. City Chevrolet, LLC*, No. 09-0642-CV-W-GAF, 2009 WL 3485833, at *1 (W.D. Mo. Oct. 28, 2009) (compensatory damages "could amount to roughly $1,004,099" which "leaves a $3,995,992 difference between the amount of actual damages and the $5,000,001 jurisdictional requirement. A fact finder could legally and permissibly award such an amount as punitive damages (*i.e.*, a little more than 3.98 times actual damages)."). Based on Plaintiff's allegations and the evidence attached hereto, it is not legally impossible that a jury might enter an award in excess of $5,000,000. The CAFA jurisdictional requirement is therefore satisfied.

        **C.**     <u>**The Minimal Diversity Requirement is Satisfied.**</u>

23.     CAFA diversity exists if any putative class member and any defendant are citizens of different states. 28 U.S.C. § 1332(d); *see also Pudlowski v. The St. Louis Rams, LLC*, Case No. 4:16-cv-189, 2016 WL 5660237, at *1 (E.D. Mo. Sept. 29, 2016) (citing *Westerfeld*, 621 F.3d at 822). CAFA modifies the rules of citizenship for a limited liability company, such that it is "deemed to be a citizen of the State where it has its principal place of business and the State under whose law it is organized." 28 U.S.C. § 1332(d)(10).

24.     Applied here, Plaintiff alleges that she resides in and is a citizen of the State of Missouri. *See* <u>Ex. 2</u>, Am. Pet., at p. 2, ¶ 3. Plaintiff seeks to represent all other persons who purchased the subject products in the "State of Missouri." *Id.* at p. 7, ¶ 23.

25. As for Defendants, Plaintiff correctly alleges that Edgewell is a Missouri corporation with its principal place of business in Connecticut. *See* Ex. 2, Am. Pet., at p. 2, ¶ 2; *see also* Exhibit 6, (Declaration of Mark Wallis) at ¶ 6. Edgewell Personal Care Company does not manufacture, market, distribute, or sell Wet Ones® Antibacterial Hand Wipes. Ex. 6 at ¶ 7.

26. Edgewell does not employ the individuals that have direct knowledge of the manufacture, marketing, distribution or sale of the Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 8. Employees of EPC Brands, EPC, or Playtex possess direct knowledge of the manufacture, marketing, distribution, and sale of Wet Ones® Antibacterial Hand Wipes. *Id*.

27. Edgewell does not employ individuals responsible for any actions or decisions regarding the manufacture, distribution, marketing, or sale of Wet Ones Antibacterial Hand Wipes®, including any decisions regarding the 99.99% germ-killing claim, the substantiation of that claim, and the selection of the active ingredient. *Id*. at ¶ 9. Employees of EPC Brands, EPC, or Playtex are responsible for any such actions or decisions. *Id*.

28. Defendant EPC Brands is a Delaware limited liability company having its principal place of business in Connecticut. *Id*. at ¶ 12. The full front and back current labels on a canister of a Wet Ones® Antibacterial Hand Wipes Fresh Scent state that Wet Ones® Antibacterial Hand Wipes are "Dist. By Edgewell Personal Care Brands, LLC." *Id*. at ¶ 13, Ex. A.

29. Defendant EPC is a Delaware limited liability company having its principal place of business in Connecticut. *Id*. at ¶ 15. EPC markets and sells Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 14.

30. Defendant Playtex is a Delaware corporation with its principal place of business in Delaware. *Id*. at ¶ 17. Playtex Manufacturing, Inc. and some of its third-party manufacturers

(unrelated to Edgewell Personal Care Company) manufacture Wet Ones® Antibacterial Hand Wipes. *Id.* at ¶ 16.

31. Thus, for purposes of CAFA, Edgewell is a citizen of the States of Connecticut and Missouri, and EPC Brands, EPC and Playtex are citizens of the States of Connecticut and Delaware.

32. As such, Defendants have satisfied CAFA's minimal diversity requirement because EPC Brands, EPC, and Playtex—being citizens of Connecticut and Delaware—are diverse from Plaintiff and the other Missouri citizens in the Putative Class. *See* 28 U.S.C. § 1332(d).

### III. THE CAFA EXCEPTIONS DO NOT APPLY.

33. Defendants have satisfied CAFA's jurisdictional requirements. As a result, the Court may properly exercise jurisdiction over this Action. *See, e.g., Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 976 (8th Cir. 2011).

34. None of CAFA's exceptions apply. If Plaintiff chooses to seek remand, she will have the burden to prove that one of the recognized CAFA exceptions applies to this action. *See, e.g., Westerfeld*, 621 F.3d at 823 ("On remand, the District Court should resolve any doubt about the applicability of CAFA's local-controversy exception against Westerfeld, the party who seeks remand and the party who bears the burden of establishing that the exception applies.") None of those exceptions apply and, as a result, remand would be improper.

#### A. The Local Controversy Exception does not apply.

35. The Local Controversy exception has four elements: "(1) more than two-thirds of the proposed class members are citizens of the state where the action was originally filed, (2) the class seeks significant relief from at least one defendant who is a citizen of the same state in which the action was originally filed and whose conduct forms a significant basis for the claims asserted,

(3) principal injuries resulting from the conduct of each defendant were incurred in the state in which the suit was originally filed, and (4) no other class actions have been filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons during the three-year period preceding the filing of the current class action." *Green v. Skyline Highland Holdings LLC*, No. 4:17-CV-00534 BSM, 2017 WL 6001498, at *1-2 (E.D. Ark. Dec. 4, 2017) (citation omitted).

36. The Local Controversy exception "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." *O'Fallon*, 930 F. Supp. 2d at 1045. The Court "should resolve any doubt about the applicability of CAFA's local-controversy exception against…the party who seeks remand." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (citing *Westerfeld*, 621 F.3d at 823). "[T]he proponent of remand must show that each provision is met in order to trigger mandatory abstention." *Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021), *cert. denied sub nom. Kitchin v. Bridgeton Landfill*, No. 21-683, 2022 WL 515888 (U.S. Feb. 22, 2022).

37. The Local Controversy does not apply for two reasons. <u>First</u>, this action alleges similar facts to another case filed within the last three years, *Souter v. Edgewell Personal Care Company, et al.*, 3:20-CV-01486 TWR(BLM) (S.D. Cal., filed July 31, 2020).[3] *Souter* is a putative class action in which the named plaintiff seeks to represent a class of persons who allegedly purchased Wet Ones® Antibacterial Hand Wipes based on allegedly misleading representations. This case is against Edgewell, EPC Brands, EPC, and Playtex. *Souter* asserts substantially the

---

[3] Defendants request that the Court take judicial notice of the complaint filed in *Souter*, including the filing date and the allegations made therein. *See, e.g., Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("[A] district court may take judicial notice of public records and may thus consider them on a motion to dismiss." (citation omitted)); and *Walker v. Freeman Health Sys.*, 3:15-cv-05110-MDH, 2016 WL 10677883 at *2 (W.D. Mo. Jul. 14, 2016) (taking judicial notice of orders dismissing three other cases filed by plaintiff against the same defendant involving the same issues).

same claims as those asserted in this Action. The named plaintiff in *Souter* seeks to represent a national class. And *Souter* pre-dates the present Action filed by Plaintiff. As a result of *Souter*, the Local Controversy exception does not apply.

38. <u>Second</u>, the Local Controversy exception does not apply because it requires a forum state defendant "whose alleged conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II). For a court to find that this element is met, the forum state defendant's conduct must be "an important ground for the asserted claims in view of the alleged conduct of all the defendants." *Kitchin*, 3 F.4th at 1094 (*quoting Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009)). Edgewell is the only Missouri citizen who is named as a defendant in this Action.[4] Edgewell's conduct does not form a significant basis for the claim asserted. Plaintiff's allegations revolve around alleged misrepresentations in the marketing and sale of Wet Ones® Antibacterial Hand Wipes. <u>Ex. 2</u>, Am. Pet., at p. 1, ¶ 1.

39. Edgewell does not manufacture, market, distribute, or sell Wet Ones® Antibacterial Hand Wipes. <u>Ex. 6</u> at ¶ 7. Edgewell does not employ the individuals that have direct knowledge of the manufacture, marketing, distribution or sale of the Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 8. Employees of EPC Brands, EPC, or Playtex possess direct knowledge of the manufacture, marketing, distribution, and sale of Wet Ones® Antibacterial Hand Wipes. *Id*. Edgewell does not employ individuals responsible for any actions or decisions regarding the

---

[4] In addition to the fact that Edgewell's conduct does not form a significant basis for the claims asserted, Plaintiff's claims against Edgewell have no reasonable basis in fact or law because Edgewell does not manufacture, market, distribute, or sell Wet Ones® Antibacterial Hand Wipes. Without a reasonable basis in fact or law for its claims against it, Edgewell, the only Defendant with citizenship in Missouri when considering jurisdiction under CAFA, is fraudulently joined in this action. A defendant is fraudulently joined when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Walsh v. Arbuckle*, No. 4:17-CV-00664-NKL, 2017 WL 4512586, at *2 (W.D. Mo. Oct. 10, 2017) (*quoting Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 1993)). "Fraudulent joinder occurs, and federal jurisdiction will be retained, if there is 'no reasonable basis in fact and law supporting a claim against the resident defendants.'" *Id*. (quoting Filla, 336 F.3d at 810). Yet, Plaintiff's allegations revolve around alleged misrepresentations in the marketing and sale of Wet Ones® Antibacterial Hand Wipes. <u>Ex. 2</u>, Am. Pet., at p. 1, ¶ 1.

manufacture, distribution, marketing, or sale of Wet Ones Antibacterial Hand Wipes®, including any decisions regarding the 99.99% germ-killing claim, the substantiation of that claim, and the selection of the active ingredient. *Id*. at ¶ 9. Employees of EPC Brands, EPC, or Playtex are responsible for any such actions or decisions. *Id*.

40. The only significant defendants in this Action are EPC Brands, EPC, and Playtex.

41. EPC Brands is the sole distributor of Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 11. EPC is the sole entity that markets and sells Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 14. Playtex Manufacturing, Inc. and some of its third-party manufacturers (unrelated to Edgewell Personal Care Company) manufacture Wet Ones® Antibacterial Hand Wipes. *Id*. at ¶ 16. Any conduct by Edgewell – for which there is none – does not form a significant basis for the claims asserted. As a result, for this reason too, the Local Controversy Exception does not apply.

**B.     The Home State Exception does not apply.**

42. The Home State Exception, which is set forth at 28 U.S.C. § 1332(d)(4)(B), applies where: (1) "two-thirds or more of the members of all proposed plaintiff classes in the aggregate;" and (2) "the primary defendants, are citizens of the State in which the action was originally filed." *Green*, 2017 WL 6001498, at *2 (citing 28 U.S.C. § 1332(d)(4)(B)). "To qualify for remand under the home state exception, no primary defendant can be a citizen of a state other than where the case was filed." *Green*, 2017 WL 6001498, at *4; *Green v. SuperShuttle Int'l, Inc.*, No. CIV. 09-2129 ADM/JJG, 2010 WL 419964, at *4 n.5 (D. Minn. Jan. 29, 2010); *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) ("the statute requires remand under the home state exception only if all primary defendants are citizens of [the state in which the action was originally filed].").

43. Setting aside the question of proposed class size (a point on which Plaintiff will bear the burden of proof if she chooses to seek remand), the Home State Exception does not apply because three primary defendants—EPC Brands, EPC, and Playtex—are citizens of the States of Delaware and Connecticut. A primary defendant is "a defendant who (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in one particular cause of action." *Moua v. Jani-King of Minnesota, Inc.*, 613 F. Supp. 2d 1103, 1108 (D. Minn. 2009). Again, and as averred in the sworn declaration of Mr. Wallis, Edgewell does not manufacture, market, distribute, or sell Wet Ones® Antibacterial Hand Wipes. Ex. 6 at ¶ 7. EPC is solely responsible for marketing and selling the subject Wet Ones® Antibacterial Hand Wipe products. *Id*. at ¶ 14. EPC Brands is the sole entity that distributes Wet Ones® Antibacterial Hand Wipe products. *Id*. at ¶ 11. And Playtex is the sole entity responsible for the manufacture of Wet Ones® Antibacterial Hand Wipe products, whether manufacturing the product itself or contracting with third parties to manufacture Wet Ones® Antibacterial Hand Wipe products. *Id*. at ¶ 16. All actions and decisions regarding the manufacturing, distribution, marketing, or sale of Wet Ones® Antibacterial Hand Wipes were made by individuals employed by EPC Brands, EPC, or Playtex. *Id*. at ¶ 9. Any Wet Ones® Antibacterial Hand Wipes product purchased by Plaintiff or any putative class action claimant would have been manufactured by Playtex, or a third-party pursuant to a contract with Playtex Manufacturing, Inc., distributed by EPC Brands, and marketed (directly or through a third-party retailer) and sold by EPC. *See id*. at ¶¶ 11, 14, 16. Further, EPC Brands, EPC, and Playtex hold assets that render them able to fully satisfy any potential judgment against them. *See id*. at ¶ 10.

Here, the primary defendants are clearly EPC Brands, EPC, and Playtex and they are not citizens of Missouri. As such, the Home State Exception does not apply.

### C. The Permissive Remand Exception does not apply.

44. The same result follows with regard to the Permissive Remand exception, which is set forth at Section 1332(d)(3). The elements of the Permissive Remand exception are as follows:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and *the primary defendants* are citizens of the State in which the action was originally filed based on consideration of—
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3) (emphasis added). To determine whether the Permissive Remand Exception applies, the Court cannot reach the factors set forth at Subsections A through F unless and until the first two elements are satisfied. *Id.*

45. Again setting aside the question of class size, the Permissive Remand exception cannot apply because the three primary defendants—EPC, EPC Brands, and Playtex—are not citizens of the State of Missouri. The other factors, which the Court does not reach until the Plaintiff establishes both of the two primary elements, render the exception unavailable. The *Souter* case, filed on behalf of a proposed national class, shows that this is a matter of "national

15

interest." The *Souter* case, as discussed in detail above, was filed in the last three years, and concerns similar claims to this Action.

46. Given that the three primary defendants are not citizens of State in which the action was filed, this Court cannot reach the factors concerning permissive remand. Even when considering the permissive remand factors, the factors cut against the exception.

## IV. **CONCLUSION**

For the reasons stated herein, Defendants respectfully remove this Action from the Circuit Court of Jackson County, Missouri, bearing case number 2116-CV15843, to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and the Class Action Fairness Action of 2005, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453.

Dated: April 8, 2022

Respectfully submitted,

**STINSON LLP**

By: */s/Megan McCurdy*

John W. Moticka, Mo. 31760
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105-1821
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
john.moticka@stinson.com

Megan A. McCurdy, Mo. 60071
Ashley M. Crisafulli, Mo. 71852
1201 Walnut Street, Suite 2900
Kansas City, Missouri, 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
megan.mccurdy@stinson.com
ashley.crisafulli@stinson.com

**ATTORNEYS FOR ALL DEFENDANTS**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 8th day of April, 2022, the above and foregoing was filed with the Clerk of the Court through the CM/ECF system, which will send electronic notification to all counsel of record. A copy was also sent via electronic mail to counsel for plaintiff:

*/s/ Megan McCurdy*
**ATTORNEY FOR ALL DEFENDANTS**